IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| DANIEL PADILLA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:11-CV-00123-C |
| | § | |
| ATMOS ENERGY, | § | |
| | § | |
| Defendant. | § | |

## ATMOS ENERGY'S ANSWER TO DANIEL PADILLA'S COMPLAINT

Defendant Atmos Energy files this Answer to Plaintiff Daniel Padilla's ("Padilla") Complaint and states first that Padilla has misidentified his employer, which is Atmos Energy Corporation ("Atmos"). With the expectation that Padilla will amend his Complaint to correctly name the proper defendant, Atmos further states:

1.  Atmos lacks sufficient knowledge to admit or deny the allegations in paragraph 1.

2.  As to the allegations in paragraph 2, Atmos admits that it is incorporated in the State of Texas and the Commonwealth of Virginia and that its registered agent for service of process in the State of Texas is Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

3.  As to the allegations in paragraph 3, Atmos admits that Padilla brings this action under the ADEA.

4.  As to the allegations in paragraph 4, Atmos admits that this Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 626 and 28 U.S.C. § 1331.

5.  Atmos denies the allegations in paragraph 5.

6.  Atmos lacks sufficient knowledge to admit or deny the allegations in paragraph 6.

7. As for the allegations in paragraph 7, Atmos admits that it used to employ Padilla.

8. Paragraph 8 contains legal conclusions to which no response is necessary.

9. Atmos admits that it employed Padilla between 1975 and 2010 as a Service Specialist in the Littlefield, Texas Service Center but otherwise denies the allegations in paragraph 9.

10. Atmos denies the allegations in paragraph 10.

11. Atmos denies the allegations in paragraph 11.

12. Atmos denies the allegations in paragraph 12.

13. Atmos denies the allegations in paragraph 13.

14. Atmos denies the allegations in paragraph 14.

15. To the extent that the prayer for relief contains allegations to which Atmos is required to respond, Atmos denies each and every allegation.

## AFFIRMATIVE DEFENSES

Atmos's defenses (pleaded in the alternative) are as follows:

1. Atmos affirmatively asserts that to the extent any allegation contained in Padilla's Complaint is not expressly admitted, it is denied.

2. Atmos specifically invokes all statutory limitations of liability applicable to any and all asserted causes of action in this case.

3. Padilla is precluded from asserting his ADEA discrimination claim against Atmos because he failed to file his lawsuit against Atmos within 90 days of receiving his Notice of Right to Sue.

4. Padilla's ADEA discrimination claim arising out of events occurring more than 300 days prior to the filing of a charge with the EEOC is barred by limitations.

5. To the extent Padilla complains of actions that are outside the scope of his administrative charge, Padilla's claims are barred due to failure to exhaust administrative remedies.

6. All employment actions regarding Padilla were taken in good faith, based upon legitimate, non-discriminatory motives and occurred without malice or reckless indifference to his rights.

7. Atmos affirmatively asserts that Padilla cannot establish a *prima facie* case of discrimination based on his age under the ADEA.

8. Padilla's claims are barred, in whole or in part, by his failure to comply with all conditions precedent to the filing of this action.

9. All employment decisions regarding Padilla were based on standards, qualification and/or criteria that are job-related and consistent with business necessity.

10. Padilla's claims are barred by the doctrines of waiver, estoppel, laches, and unclean hands.

11. Atmos has made good-faith efforts to prevent discrimination in the workplace and to comply with federal and state law prohibiting discrimination in employment.

12. Padilla's failure to mitigate his damages, if any, bars or limits his recovery in this matter.

13. Atmos affirmatively asserts that Padilla is not entitled to any or all of the relief sought in his Complaint.

14. Atmos affirmatively asserts that any injuries or losses allegedly suffered by Padilla were not caused by Atmos. Rather, such injuries or losses were caused by Padilla or by a third party or person outside of the control of Atmos.

15. Any and all damages claimed by Padilla, whether compensatory, actual, equitable, attorneys' fees, or otherwise, are subject to all statutory exclusions and limitations applicable to claims under the ADEA.

16. Atmos has an equal employment opportunity policy that prohibits age discrimination, and Atmos has made good faith efforts to comply with all federal and state civil rights laws.

17. Atmos affirmatively asserts that it has taken reasonable care to prevent or correct promptly any harassing, discriminating, or retaliatory behavior.

18. Padilla's age was not a factor in the employment actions taken with respect to him by Atmos. In fact, Atmos states that all decisions made with respect to Padilla were based on reasonable factors other than his age.

19. Atmos asserts its entitlement to any allowable credits or offsets against a judgment, if any, in favor of Padilla.

20. Padilla's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

21. Atmos claims its entitlement to recover attorneys' fees and costs of suit.

22. Any action taken outside the course and scope of an employee's employment and contrary to Atmos's policies, was not ratified, confirmed, or approved by Atmos. Thus, any such actions cannot be attributed or imputed to Atmos.

23. If Padilla is able to show any discrimination occurred, which Atmos denies, Atmos reserves the right to assert a mixed motive defense.

24. Atmos engaged in good faith efforts to comply with the civil rights laws. Moreover, the conduct complained of by Padilla, if performed or carried out, was performed or

carried out in good faith based upon reasonable grounds for believing that such conduct was not in violation of any state or federal law, and therefore, Padilla fails to state a claim for punitive damages.

25. Atmos hereby gives notice that it intends to rely upon such other defenses as may become available or may appear during discovery in this case and hereby reserves the right to amend this answer to assert any such defense.

## CONCLUSION & PRAYER

Atmos respectfully requests that, upon the trial or final disposition of this case, the Court enter a take-nothing judgment against Padilla as to all of his causes of action and grant Atmos such other and further relief, both general and special, legal and equitable, to which it is justly entitled.

Dated: August 5, 2011

Respectfully submitted,

By: /s/ Karen E. Griffin
 Karen E. Griffin
 State Bar No. 00796680
 Talley R. Parker
 State Bar No. 24065872

JACKSON LEWIS LLP
3811 Turtle Creek Blvd, Suite 500
Dallas, Texas 75219
Telephone: (214) 520-2400
Facsimile: (214) 520-2008

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

On August 5, 2011, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2), including the following:

J. Craig Johnston
JOHNSTON & MILLER
2402 52nd Street, Suite 12
Lubbock, Texas 79412

/s/ Karen E. Griffin
Karen E. Griffin